# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DESHON HILL**, on behalf of himself and all others similarly situated, | ) ) ) Case No. _____ |
| Plaintiff, | ) ) |
| v. | ) **COLLECTIVE AND CLASS ACTION** ) **COMPLAINT** ) |
| **DHL EXPRESS (USA) INC.**, | ) **JURY DEMAND INCLUDED HEREON** ) ) |
| Defendant. | ) |

Plaintiff Deshon Hill ("Named Plaintiff"), on behalf of himself and all others similarly situated, for their class and collective action Complaint against Defendant DHL Express (USA) Inc. ("Defendant"), states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 as well as the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111.

2. Named Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself and other employees similarly situated." Named Plaintiff brings this case on behalf of himself and other "similarly situated" persons who may join this case pursuant to 29 U.S.C. §216(b) (the "FLSA Collective").

3. Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA on behalf of himself and other similarly situated employees employed by Defendant in Ohio (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Named Plaintiff's Ohio state law claims pursuant to 28 U.S.C. § 1367, because the Ohio claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 because Defendant is incorporated in Ohio and conducts business in this district and division, and because a substantial part of the events or omissions giving rise to Named Plaintiff's claims occurred here.

## PARTIES

7. Named Plaintiff is an adult individual residing in Cleveland, Ohio.

8. Named Plaintiff is employed by Defendant as a non-exempt hourly delivery driver. Named Plaintiff's written consent to join this action is attached as **Exhibit A**.

9. At all relevant times, Named Plaintiff was an employee within the meaning of the FLSA and the OMFWSA.

10. Defendant is a for-profit corporation incorporated in Columbus, Ohio and headquartered in Plantation, Florida. According to records maintained by the Ohio Secretary of State, Defendant's registered agent is Corporation Service Company, 1160 Dublin Rd, Ste 400, Columbus, OH 43215.

11. At all relevant times, Defendant has been an employer within the meaning of the FLSA and the OMFWSA.

12. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Named Plaintiff and those similarly situated have been employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. At all relevant times, Defendant was fully aware of the fact that it was legally required to comply with the FLSA and the OMFWSA.

## FACTUAL ALLEGATIONS

15. Defendant is a transportation and logistics services company.

16. Defendant employed Named Plaintiff and those similarly situated as hourly non-exempt delivery driver employees.

17. Named Plaintiff's job title is Delivery Driver.

18. Named Plaintiff and those similarly situated were involved in the delivery of things such as packages, parcels, and documents.

19. In performing their duties, Named Plaintiff and those similarly situated worked and used vehicles weighing less than 10,000 pounds, GVW, for at least part of the time relevant to this complaint.

20. Named Plaintiff and others similarly situated were non-exempt hourly employees of Defendant under the FLSA and Ohio law.

21. Named Plaintiff and others similarly situated routinely worked through unpaid meal breaks, or were interrupted by work during the unpaid break, which resulted in unpaid compensable time, and therefore overtime violations in weeks when they worked 40 or more hours.

22. Defendant has a company-wide policy of deducting, or causing to be deducted, 30 minutes for unpaid meal breaks. These deductions are made regardless of whether the drivers, including Named Plaintiff and those similarly situated actually took their meal breaks at all or when the meal breaks were otherwise interrupted by work duties.

23. Because of the demands of delivering packages, Named Plaintiff and those similarly situated would not be able to complete all assigned deliveries on time if they took a full 30-minute lunch.

24. Even though Named Plaintiff and those similarly situated took no lunch, were interrupted during their lunches, or took no more than a 10- to 15-minute breaks, Defendants nevertheless still deducted or caused to be deducted a full 30-minute lunch break, and did not count this work time towards total weekly hours.

25. Named Plaintiff and others similarly situated regularly worked 40 or more hours per workweek.

26. Accordingly, by not paying Named Plaintiff and those similarly situated for missed or interrupted lunch breaks, or for short rest breaks of 20 minutes or less, Defendant violated the FLSA and Ohio law by not paying them all wages due, including overtime compensation.

27. Defendant monitored Named Plaintiff's and those similarly situated vehicles, including their vehicle usage and idle time.

28. Defendant also controlled drivers' schedules and monitored their activity and knew that Named Plaintiff and others similarly situated would not be able to complete all of their delivery times if they took the full 30-minute unpaid lunch, and despite knowing this, Defendant still deducted the 30-minutes from the delivery drivers' paid time.

29. Accordingly, Defendant knew that Named Plaintiff and others similarly situated were working through unpaid 30-minute lunch breaks, or otherwise being interrupted during the unpaid 30-minute lunch breaks, and knowingly still deducted the 30-minutes from their paid and recorded work time.

30. Defendant willfully violated the FLSA and Ohio law by failing to pay Named Plaintiffs and those similarly situated all overtime compensation earned.

## COLLECTIVE ACTION ALLEGATIONS

31. Named Plaintiff brings this action as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated persons who have similar claims under the FLSA and who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

32. The collective that Named Plaintiff seeks to represent and for whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Named Plaintiff is himself a member (the "FLSA Collective"), is composed of and defined as follows:

> **All current and former hourly non-exempt delivery drivers who worked for Defendant, either directly or through temporary agencies and/or sub-contractors, drove vehicles weighing less 10,000 pounds (GVW) or less (though not necessarily exclusively), worked 40 or more hours in a workweek, and were subject to Defendant's meal break policy during the period three (3) years preceding the commencement of this action through its final disposition**.

33. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Named Plaintiff is

5

representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

34. These similarly situated employees are known to Defendant and are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

35. Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> **All current and former hourly non-exempt delivery drivers who worked for Defendant in Ohio, either directly or through temporary agencies and/or sub-contractors, drove vehicles weighing less 10,000 pounds (GVW) or less (though not necessarily exclusively), worked 40 or more hours in a workweek, and were subject to Defendant's meal break policy during the period two (2) years preceding the commencement of this action through its final disposition**.

36. The Ohio Class is so numerous that joinder of all class members is impracticable. Named Plaintiff cannot yet state the exact number of class members, but estimates that it exceeds at least 40 individuals. The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to Ohio law. Ohio Const. Art. II, § 34a.

37. There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay its employees for all time worked and whether that resulted in the underpayment of overtime.

38. Named Plaintiff and the Ohio Class have all sustained similar types of damages as a result of Defendant's failure to comply with the OMFWSA.

39. Named Plaintiff's claims are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories as the claims of other Ohio Class members.

40. Named Plaintiff and the Ohio Class have all been injured in that they have been uncompensated due to Defendant's common policy, and practice, and willful conduct. Defendant's corporate wide policies, practices and willful conduct affected the Ohio Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class members.

41. Named Plaintiff and the Ohio Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, policies, and willful conduct of Defendant.

42. Named Plaintiff will fairly and adequately protect the interests of the Ohio Class. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class members.

43. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

44. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine

Defendant's liability to the Class, listed above, are common to the Class as a whole, and predominate over any questions affecting only individual Class members.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT ONE
### (FLSA Overtime Violations)

46. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Named Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the respective FLSA Collective members who will join this case pursuant to 29 U.S.C. § 216(b).

48. The FLSA requires that hourly and other non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate." 29 U.S.C. § 207(a)(1).

49. Named Plaintiff and the FLSA Collective members should have been paid overtime compensation at the rate of one and one-half times their properly calculated "regular rate" for all ours worked in excess of 40 hours per workweek.

50. Defendant failed to pay all time worked by deducting 30-minute unpaid meal breaks, yet suffering and permitting Named Plaintiff and others similarly situated to continue

8

working through the interrupted unpaid breaks or otherwise by failing to pay for short rest period of 20 minutes or less.

51. Named Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

52. By engaging in the above-mentioned conduct, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

53. As a result of Defendant's violations of the FLSA, Named Plaintiff and the FLSA Collective members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

54. In violating the FLSA, Defendant, lacking a good faith basis, acted willfully and with reckless disregard for clearly applicable FLSA provisions.

## COUNT TWO
### (Ohio Class - Overtime Violations)

55. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

56. Named Plaintiff brings this claim for violation of the OMFWSA, on behalf of himself and all members of the respective Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

57. At all times relevant, Defendant was an employer covered by the OMFWSA.

58. Defendant violated Ohio law by failing to pay all time worked by deducting 30-minute unpaid meal breaks, yet suffering and permitting Named Plaintiff and others similarly

situated to continue working through the interrupted unpaid breaks or otherwise by failing to pay for short rest period of 20 minutes or less.

59. Named Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

60. Defendant's violations of the OMFWSA injured Named Plaintiff and the respective Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

61. Defendant's practice and policy of not paying Named Plaintiff and other similarly situated employees for all time worked resulted in Defendants' failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the OMFWSA, O.R.C. 4111.03(A).

62. As a result of Defendant's practices, Named Plaintiff and other similarly situated Ohio Class members have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

63. In violating the OMFWSA, Defendant, lacking a good faith basis, acted willfully and with reckless disregard for clearly applicable OMFWSA provisions.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff, on behalf of himself, the FLSA Collective, and the Ohio Class, respectfully request that the Court:

A. Authorize Court-approved notice to be issued to similarly situated persons informing them of this action and enabling them to opt-in pursuant to the FLSA, 29 U.S.C. § 216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiffs and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Named Plaintiff, the Opt-Ins who join, and the Ohio Class;

D. Award Named Plaintiff, the Opt-Ins who join, and the Ohio class actual damages for unpaid wages;

E. Award Named Plaintiff, the Opt-Ins who join, and the Ohio Class liquidated damages equal in amount to the unpaid wages found due to Named Plaintiff, the Opt-Ins, and the Ohio Class;

F. Award Named Plaintiff, the Opt-Ins who join, and the Ohio Class pre-judgment and post-judgment interest at the statutory rate;

G. Award Named Plaintiff, the Opt-Ins who join, and the Ohio Class all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

H. Award Named Plaintiff, the Opt-Ins who join, and the Ohio Class any such further and additional relief as the Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (Ohio 0086195)
1360 E. 9th St., Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (Ohio 0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*
*Counsel for Plaintiff*